IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE DWAYNE WINSTON,   *

   Petitioner,   *   Criminal No. RDB-13-0639

v.   *   Civil Action No. RDB-17-2004

UNITED STATES OF AMERICA,   *
   Respondent.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Following an eight-day trial, in October of 2014, a jury found the *pro se* Petitioner Bruce Winston ("Petitioner" or "Winston") guilty of one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 1, 201.)[1] This Court sentenced Winston to the mandatory minimum sentence of one-hundred twenty (120) months imprisonment (ECF No. 241 at 70), which was below the advisory guideline range of 151 to 188 months. Winston subsequently appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgement. *United States v. Winston*, 651 Fed. App'x. 237 (4th Cir. 2016).

Currently pending before this Court is the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.[2] (ECF No. 254.) For the following reasons,

---

[1] The lead codefendant Jorge Alan Herevia pled guilty to count one. The jury found the codefendant Joe Howard Payne not guilty of both counts.

[2] Also before this Court is a Motion for Dismissal with Immediate Release. (ECF No. 257.) Winston argues that this claim is supported "upon the undisputed facts and actions for noncompliance by the government." (*Id.*) The claim regarding the Government's noncompliance stems from an order which this Court issued on July 25, 2017, requiring the Government to respond to Winston's Motion to Vacate within 60 days. (ECF No. 255.) However, the Government did not respond until November, 6, 2017. (ECF No. 256.) Accordingly, Winston filed a Motion for Dismissal on December

1

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 254) is DENIED.

## BACKGROUND

The background facts of this case were set forth in this Court's Memorandum Opinion on September 23, 2014. *United States v. Herevia*, RDB-13-639, 2014 WL 4784321(D. Md. Sept. 23, 2014). To summarize, at trial the Government proved that beginning in May of 2013 and concluding in June of 2013, Winston conspired with Jorge Herevia and others to transport cocaine from Texas to Maryland. Specifically, the Government presented evidence that Herevia placed the cocaine, as well as $30,000, inside a secret compartment inside Winston's truck. The Government proved at trial that Winston was present when the secret compartment was installed while the truck was at his farm in Arkansas. Furthermore, the Government proved that Winston assisted in the installment of the secret compartment. (ECF No. 216.)

On October 9, 2014, a jury convicted Winston of one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846, and of one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 201.) For both counts, the jury found that the amount of cocaine involved was more than five kilograms. (*Id.*) Subsequently, this Court sentenced Winston to one-hundred twenty (120) months imprisonment. (ECF No. 241 at 70.)

Winston appealed to the Fourth Circuit. *United States v. Winston*, 651 Fed. App'x. 237 (4th Cir. 2016). On appeal, Winston argued that: (1) the district court improperly denied an

---

4, 2017. (ECF No. 257.) Nevertheless, Winston fails to articulate how the Government's delay was prejudicial. Moreover, Winston filed the Motion for Dismissal well after the Government filed a response. For these reasons, the Motion for Dismissal with Immediate Release (ECF No. 257) is DENIED.

earlier Motion to Suppress Evidence, and (2) the district erred in admitting evidence in accordance with Federal Rule of Evidence 404(b). *Id.* at 238. The Fourth Circuit affirmed the district court on both issues. *Id.* On July 10, 2017, Winston filed the subject Motion to Vacate, which is presently before this Court. (ECF No. 254.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424 (1962) (citing 28 U.S.C. § 2255). Further, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

## ANALYSIS

In his Motion to Vacate, Winston argues that his sentence should be vacated for three reasons. First, Winston alleges that jury members spoke with an "Investigator" in a restroom while on break during his trial.[3] In analyzing this claim, this Court notes that the Fourth Circuit uses a "three-step process for analyzing allegations of extrajudicial juror contact" in criminal cases. *United States v. Cheek*, 94 F.3d 136, 141 (4th Cir. 1996). The first

---

[3] The Government notes that "Winston proffers no facts to support this bald allegation." (ECF No. 256 at 2.)

3

step requires the moving party to "introduc[e] competent evidence that the extrajudicial communications or contacts were more than innocuous interventions." *Id.* (citations and internal quotation marks omitted). If the moving party meets the first step, the second step presumes that the communications were prejudicial. *Id.* (citing *Remmer v. United States*, 347 U.S. 227, 229 (1954)). Finally, the third step shifts the burden to the non-moving party to prove that the communications were not prejudicial. *Id.* (citations omitted). In the present case, Winston not only fails to proffer sufficient evidence showing that such conversations took place, but also fails to claim that such discussions were not innocuous. Therefore, Winston's first claim that jurors were influenced by extrajudicial communications is without merit.

Second, Winston contends that the Assistant Federal Public Defender (AFPD) who was initially appointed to represent him was "[r]emoved two weeks before trial, [and Winston] was given two young men that had never been to trial." (ECF No. 254 at 4.) This statement is incorrect. Throughout this case Winston was represented by the Office of the Federal Public Defender of Maryland. Both attorneys who represented Winston at trial had previously represented defendants before this Court. *See, e.g., United States v. Graham*, RDB-11-94; *United States v. Currie*, RDB-10-532; *United States v. Romero*, GLR-11-0527. Therefore, this claim is without merit.

Third, Winston argues that his appellate counsel "brought up none of the points [that Winston] told him to." (ECF No. 254 at 4.) After construing this pleading liberally, as required by *Erickson*, it appears Winston is claiming ineffective assistance of counsel. To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of

4

counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).[4] "The defendant bears the burden of proof as to both prongs of the standard." *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2013). Accordingly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citations and internal quotation marks omitted). In the present case, Winston does not articulate the points that he wanted his appellate attorney to address. Therefore, Winston fails to meet his burden of proof for demonstrating that his appellate attorney's performance was inadequate and that such performance was prejudicial. Winston also claims that a "witness [was] not called," (ECF No. 254 at 4), which fails for the same reason as the other ineffective assistance of counsel claim. Accordingly, Winston's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 254) is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 254) is DENIED, and the Motion for Dismissal with Immediate Release (ECF No. 257) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir.

---

[4] The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

5

2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Winston's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: March 1, 2018

_____
Richard D. Bennett
United States District Judge